**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| DALLIE MILLER. § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Case No. 1:20-cv-00010 |
| § | |
| DAYBREAK VENTURE, LLC, and § | |
| PINEHURST NURSING AND § | |
| REHABILITATION, LP § | |
| § | |
| Defendants § | |

**DEFENDANTS' ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Comes now Defendants, DAYBREAK VENTURE, LLC *("Daybreak")* and PINEHURST NURSING AND REHABILITATION, LP, *("Pinehurst")*, collectively (*"Defendants"*), and file this, their Answer to Plaintiff's First Amended Complaint filed by Plaintiff, DALLIE MILLER (*"Plaintiff"*), and show the Court:

## I.   ADMISSIONS AND DENIALS

1. To the extent Plaintiff's summary contained in Paragraph 1 of Plaintiff's Original Complaint requires an admission or denial, Defendants assume that Plaintiff has correctly identified herself in Paragraph 1 of Plaintiff's Original Complaint. Defendants deny the remainder of the allegations contained in Paragraph 1.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants admit that venue is proper in this Court. Defendants deny the remainder of the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. Pinehurst denies that it "owns" the real estate or facility know as Pinehurst. Defendants admit the remaining allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants deny that Daybreak Partners, LLC is a holding company. Daybreak is a management company. Defendant admits the remaining allegations contained in Paragraph 8.

9. Defendants admit the statements contained in Paragraph 9 but deny that it admitted liability.

10. Defendants admit the statements contained in Paragraph 10 but deny that it admitted liability.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants deny the allegation in Paragraph 13. Plaintiff's termination from Pinehurst was on 4/13/2018 per Policy #406 for incomplete care plans, inadequate attention to care plans completed on 4/10/2018 and care plans not being resident centered.

14. Defendants deny that Plaintiff was away from Pinehurst for two or three months. Plaintiff was rehired by Pinehurst in August 2019. Defendant admits the remainder of the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15. Plaintiff was terminated by Pinehurst on 10/17/2019 for unsatisfactory performance in probationary period.

16. Defendants deny the allegations as characterized in Paragraph 16.

17. Defendants admit the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants admit that the OIG has issued the referenced Alert but deny that Pinehurst was engaged in the activity as insinuated in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants can neither admit nor deny what Plaintiff alleges she learned while working or not working for Pinehurst and as such deny the allegations of Paragraph 25.

26. Defendants can neither admit nor deny what Plaintiff alleges she saw while working or not working for Pinehurst and as such deny the allegations of Paragraph 26.

27. Defendants admit that regular POC meetings are important, that they are required in order to ensure patients are properly cared for and that their needs are regularly evaluated. Defendants deny that Medicare is billed for holding POC meetings.

28. Defendants can neither admit nor deny what Plaintiff alleges she noted/found while working or not working for Pinehurst and as such deny the allegations of Paragraph 28.

29. Defendants can neither admit nor deny what Plaintiff alleges she learned while working or not working for Pinehurst and as such deny the allegations of Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants can neither admit nor deny how Plaintiff felt and as such deny the allegations contained in Paragraph 41.

42. Defendants can neither admit nor deny how Plaintiff felt and as such deny the allegations contained in Paragraph 42.

43. Defendants can neither admit nor deny how Plaintiff felt and as such deny the allegations contained in Paragraph 43.

44. Defendants can neither admit nor deny Plaintiff's speculation and beliefs and as such deny the allegations asserted in Paragraph 44.

45. Defendants can neither admit nor deny Plaintiff's job seeking efforts and as such deny the allegations contained in Paragraph 45.

46. Defendants can neither admit nor deny Plaintiff's job seeking efforts or the details of Plaintiff's work with DaVita and as such deny the allegations contained in Paragraph 46.

47. Defendants admit the first sentence of Paragraph 47. Defendants can neither admit nor deny the details of Plaintiff's employment with DaVita and as such deny the allegations contained in Paragraph 47.

48. Defendants can neither admit or deny Plaintiff's beliefs and as such deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants admit that Plaintiff was terminated from Pinehurst on October 17, 2019 but deny the remainder of the allegations contained in Paragraph 52.

53. Defendants admit the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants can neither admit nor deny Plaintiff's motivations and beliefs and as such deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants admit that Plaintiff has quoted text in Paragraph 61 but deny that it engaged in any conduct that violates the text.

62. Defendants admit that Plaintiff has quoted text in Paragraph 62 but deny that it engaged in any conduct that violates the text.

63. Defendants admit that Plaintiff has quoted text in Paragraph 63 but deny that it engaged in any conduct that violates the text.

64. Defendants acknowledge that Plaintiff has incorporated the paragraphs of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants can neither admit nor deny Plaintiff's "aim" and deny the allegations contained in Paragraph 66.

67. Defendants can neither admit nor deny Plaintiffs "motivations" and deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny that it engaged in any conduct which would trigger an award of damages as outlined in Paragraph 72.

73. (Prayer 1, 2, 3).   To the extent Plaintiff's Prayer requires an admission or denial, Defendants deny that Plaintiff is entitled to any relief, specific, general, at law or in equity, and deny that Plaintiff is entitled to an award of costs or attorneys' fees.

74. (Jury Demand).   Defendants acknowledges that Plaintiff has made a jury demand.

## II.     AFFIRMATIVE DEFENSES

1. Pleading further and in the alternative, Plaintiff has failed to mitigate her damages.

## III.     PRAYER

Defendants asks the Court to enter a Judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award to it all other relief to which it may be entitled.


Respectfully submitted,

 /s/ Charles A. Mallard_____
Charles A. Mallard – Lead Attorney
State Bar No. 00791165
Chuck.Mallard@uwlaw.com
Stephanie J. James
State Bar No. 24085425
Stephanie.James@uwlaw.com
UNDERWOOD LAW FIRM, P. C.
500 S. Taylor, Suite 1200
Amarillo, Texas 79101
(806) 376-5613
FAX (806) 379-0316

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2020, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court for the U.S. District Court, Eastern District, using the Court's electronic filing system. The electronic case filing system will send the "Notice of Electronic Filing" to the following who have consented in writing to accept this Notice as service of this document by electronic means:

Cory S. Fein
Cory Fein Law Firm
712Main Street, Suite 800
Houston, TX 77002
(281) 254-7717
cory@coryfeinlaw.com

 /s/ Charles A. Mallard_____
Charles A. Mallard